MARY MITCHELL *vs.* LOUIS MITCHELL.

DIVORCE APPEAL.

APRIL TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

The technical law of default does not apply to a divorce suit; if the defendant has a defense, it is the duty of the Court to hear it.

OPINION OF THE COURT, BY AUSTIN, J.

The question in this case was reserved by the Chief Justice for the Court in Banco.

It is whether, in a libel for divorce on the ground of adultery, where no answer has been filed, the defendant at the trial may appear and give evidence, as a defense, of the adultery of the libellant committed before and after the adultery of the respondent, as alleged in the libel.

By subdivision 4 of Section 6, Chapter 16, of the laws of 1870, still in force, no divorce for the cause of adultery shall be granted where there is reasonable cause to believe that the libellant has been guilty of any act which would have entitled the defendant, if innocent, to a divorce.

The language used by the Court in the case of *Kalua vs. Kamaua*, 4 Hawaiian Reports, 58, is conclusive on the subject in this case.

The language is : "Nor can it be of possible consequence that the defendant has not pleaded the offense of the plaintiff as a bar to the action, for when such a defense comes to the knowledge of the Court, it is effectual, because nothing is lost between the parties and the public for want of pleading."

The words of the statute which impose a positive duty on the Court of refusal of a decree in such a case, override the technical law elsewhere laid down relative to a default.

Of course, in allowing such a defense, the plaintiff's rights should be protected, and a clear statement should be required of the facts expected to be proved, and if requisite, in order to

20

meet them, delay should be allowed ; but it is the duty of the Court, on hearing that any such defense exists, to see that it is made.

If this were a case of a formal motion by defendant to file a specific answer, it may be the matter of laches should be applied to it; but that question is of little moment, for the defense must inevitably come in, plea or no plea.

Let the defense be allowed, as claimed, on such terms as the Court may deem just.

*S. B. Dole,* for libellant.

Honolulu, May 30, 1884.